## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. EVANS,

                Petitioner,                    Case Number: 05-CV-73254

v.                                        HON. NANCY G. EDMUNDS

H.J. MARBERRY,

                Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S
## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

      Petitioner Richard A. Evans, who is incarcerated at Federal Correctional Institution

in Fort Dix, New Jersey,[1] filed a *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.  Petitioner challenges the Bureau of Prisons' [BOP] decision to deny him

early release benefits under 18 U.S.C. §3621(e), based upon his conviction for possession

of an unregistered firearm.  Respondent has filed a motion to dismiss on the ground that

the petition is moot.

### I.

      Petitioner was convicted in the United States District Court for the District of

Columbia of possession with intent to deliver 50 grams or more of cocaine base,

possession with intent to distribute cocaine base within 1000 feet of a school, and

---

[1] At the time he filed the pending petition, Petitioner was incarcerated at the Federal
Correctional Institution in Milan, Michigan.

possession of an unregistered firearm.[2]  On February 15, 1994, he was sentenced to a 235-month term of imprisonment.

On June 5, 1998, Petitioner completed the BOP's Residential Drug Abuse Treatment Program and was deemed provisionally eligible for the early release benefit provided for under 18 U.S.C. § 3621(e)(2)(B).[3]  However, on January 6, 2004, based upon his conviction for possession of an unregistered firearm, Petitioner's status was changed and he was deemed ineligible for early release.  Petitioner appealed this status change to the warden, the BOP's regional administrative office, and the BOP's central office for inmate appeals.  All of his appeals were denied.

Petitioner then filed the pending petition for a writ of habeas corpus challenging the BOP's decision that he is ineligible for § 3621(e)'s early release benefit.

## II.

Respondent has filed a Motion to Dismiss on the ground that the BOP has reconsidered its earlier decision and altered Petitioner's status so that he is now eligible for early release under § 3621(e).  Respondent argues that, because Petitioner has been

---

[2]  The possession with intent to deliver 50 grams or more of cocaine base conviction was vacated by the D.C. Circuit Court of Appeals.  U.S. v. Evans, No. 94-3023 (D.C. Cir. June 7, 1996).

[3]  18 U.S.C. § 3621(e)(2)(B) provides:

The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

2

awarded the relief he sought from this Court, the petition is moot.  Petitioner has not filed a response to the motion.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The only relief Petitioner seeks in his habeas petition is an order from this Court requiring the BOP to reinstate his benefits under § 3621(e).  According to the unopposed declaration of Tracy Knutson, Attorney Advisor for the BOP, the BOP has determined that Petitioner's current conviction for possession of an unregistered firearm should not preclude early release benefits.  *See* Declaration of Tracy Knutson, Attorney Advisor for the BOP, at ¶ 4, attached as exhibit 6 to Respondent's Brief.  The BOP has amended Petitioner's records to reflect that he is now eligible for early release benefits provided by 18 U.S.C. § 3621(e).  Id.  Because Petitioner has been afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision.  The matter shall, therefore, be dismissed as moot.

3

## III.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Respondent's

Motion to Dismiss is **GRANTED** and the matter is **DISMISSED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 21, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager